ABEL NELSON *et al. v.* JOHN BERGMAN *et al.*

(*Nashville.* December Term, 1921.)

1. **HUSBAND AND WIFE.** Land purchased by husband, but con-
veyed to wife, her separate estate.

Where an interest in land was purchased by a husband, and paid
for by him, but at his direction was conveyed to the wife, the wife
owed the land as her separate estate. (*Post, pp.* 379, 380.)

Cases cited and approved: Ferguson v. Booth, 128 Tenn., 259;
Barnum v. Le Master, 110 Tenn., 638.

2. **ACKNOWLEDGMENT.** Notary's certificate to married woman's
deed showed execution by her understandingly.

Where the notary's certificate to a deed relating to the privy ex-
amination of a married woman stated that, she "having been ex-
amined by me separate and apart from and out of the hearing of
her husband, and the contents and meaning of the instrument, and
all her rights under the homestead laws of the State having been
by me made known and fully explained to her," the certificate was
a substantial compliance with the requirements of Shannon's
Code, section 3753, that the deed be executed and acknowledged by
her "understandingly." (*Post, pp.* 380, 381.)

Code cited and construed; Sec. 3753 (S.).

3. **ACKNOWLEDGMENT.** Not necessary to use very words of statute
if words of equivalent meaning used.

Shannon's Code, section 3757, providing that the unintentional
omission by the clerk of any words in a certificate of acknowledg-
ment shall in no wise vitiate the validity of such deed, but the
same shall be good for all intents and purposes if the substance
of the authentication required by law is in the certificate, applies
to the certificate of acknowledgment of a married woman, in view
of the following section, which makes provision for the correction

Nelson v. Bergman.

of the omission of words in the certificate of a privy examination. (*Post, pp.* 381, 382.)

Case cited and approved: Edmondson v. Harris, 2 Tenn., Ch., 431. Code cited and construed: Sec. 3757 (S.).

4. **ACKNOWLEDGMENT. Officer's duty to attach certificate if satisfied married woman fully understands deed executed; and purchaser entitled to have imperfect certificate corrected.**

If a married woman shows by her privy examination that she understood the contents and effect of her deed, and that its execution was voluntary, and had not been brought about by any compulsion by her husband, then she was bound by the execution of the deed, and it was the duty of the officer, in view of Shannon's Code, section 3759, to attach to the deed a proper certificate if he was satisfied from his examination that she fully understood it, and the purchaser may have imperfect certificate corrected. (*Post, pp.* 382-386.)

Case cited and approved: Roulston v. Darby, 52 S. W., 318.

Case cited and distinguished: Murdock v. Memphis & Ohio R. R. Co., 66 Tenn., 557.

Code cited and construed: Secs. 3753, 3759 (S.).

5. **ACKNOWLEDGMENT. Notary's certificate to wife's deed relinquishing all interest in certain land showed execution "for purposes therein expressed."**

Where the purpose of a married woman's deed was to convey and relinquish all her rights in the land mentioned in the deed, and the notary's certificate to the deed stated that she "acknowledged it to be her act and deed, and that she had executed the same, and relinquished her dower and all other right, title, and interest in and to the lands mentioned, and expressly waived and relinquished all her rights by virtue of all laws relating to the exemption of homesteads," the certificate showed the purpose of the execution of the deed just as fully as if she had said, "for the purposes therein expressed," as required by Shannon's Code, section 3753. (*Post, pp.* 386, 387.)

6. **COSTS.** Party guilty of gross fraud taxable with all costs of appeal. Where bill was filed to recover an interest in land, and also for timber cut and removed from the tract, and defendant was guilty of gross fraud in dealing with complainants relative to the land and timber, on an unsuccessful appeal from an adverse decree of the chancellor he is taxable with all costs of appeal. (*Post, pp.* 387, 388.)

7. **TENANCY IN COMMON.** One cotenant cannot convey good title to merchantable timber.

Timber is a part of the realty, and is dealt with as such; and one cotenant cannot convey a good title to merchantable timber on the land any more than he can convey a·good title to the land itself. (*Post, p.* 388.)

FROM GRUNDY.

Appeal from the Chancery Court of Grundy County.— Hon. T. L. STEWART, Chancellor.

C. H. GARNER, for appellants.

PARKS & BELL, T. J. KING and JOHN JENSWOLD, for appellees.

MR. L. D. SMITH, Special Judge, delivered the opinion of the Court.

The bill in this cause was filed by Abel Nelson and Erick Erickson, to recover from John Bergman a ten twenty-fourths interest in a five-thousand-acre tract of land in Grundy county, and also to recover from said Bergman and from Frazier & Hunt for timber cut and removed from said tract of land, Frazier & Hunt having purchased same from Bergman.

The chancellor decreed that the complainants were the owners of and entitled to recover said ten twenty-fourths interest in the land and timber, and from his decree the defendants have appealed, and have assigned numerous errors.

It is conceded that the complainant, Abel Nelson, owns and is entitled to recover a five twenty-fourths interest in said tract of land, and the timber wrongfully removed therefrom, so that the controversy upon this appeal is limited to the five twenty-fourths interest which the complainants, Nelson and Erickson, claim to own jointly by virtue of a deed which was executed to them by Helena B. Peterson and husband, dated March 25, 1907.

This five twenty-fourths interest of Helena B. Peterson was purchased by her husband and paid for by him, but, at his direction, was conveyed to her, and thus it appears that she owns said tract of land as a separate estate. *Ferguson* v. *Booth,* 128 Tenn., 259, 160 S. W., 67, Ann. Cas., 1915C, 1079; *Barnum* v. *Le Master,* 110 Tenn., 638, 75 S. W., 1045, 69 L. R. A., 353.

Upon the trial of the cause the defendants filed a number of exceptions to the deed which Mr. and Mrs. Peterson executed to complainants to said interest, which exceptions the defendants insist were not passed upon by the court, and they assign the alleged failure of the court to pass upon said exceptions as error. Under the view which we take of the case it is immaterial that the chancellor did not act upon these various exceptions.

Upon said exceptions being filed questioning the validity of said deed because Mrs. Peterson's privy examination was not in compliance with our statute, the complainants, over the objection of the defendants, were permitted to

amend the original bill so as to make Mrs. Peterson a party complainant. This amendment was not made with the knowledge or consent of Mrs. Peterson. But it is insisted by the complainants that, as a matter of law, they had a right to make her a party complainant, and to recover said interest in the land and timber in her name for their use and benefit.

Two questions are, therefore, before us for determination: The first one being as to whether said deed is valid; and, second, if invalid, did the complainants have the right to make Mrs. Peterson a party complainant for the purposes stated?

The validity or invalidity of the deed in question turns upon whether its execution was in accordance with our statute on the subject of conveyance of real estate by married women. The form of certificate prescribed by our Code (Shannon's, section 3753) is as follows:

"And ——, wife of the said ——, having appeared before me, privately and apart from her husband, the said ——, acknowledged the execution of the said deed to have been done by her freely, voluntarily, and understandingly, without compulsion or constraint from her said husband, and for the purposes therein expressed."

The objection urged against the validity of the deed in question is that the certificate fails to show that the deed was executed by the wife "understandingly" and "for the purposes therein expressed."

That part of the certificate to the deed in question relating to the privy examination of Mrs. Peterson is as follows:

"And the said Helena B. Peterson, wife of said John Peterson, having been by me examined, separate and apart

from and out of the hearing of her husband, and the con-tents and meaning of said instrument, and all her rights under the homestead laws of the State of Tennessee hav-ing been by me made known and fully explained to her, acknowledged it to be her act and deed, and that she had executed the same, and relinquished her dower and all other right, title and interest in and to the lands and tenements therein mentioned, and expressly waived and released all her rights and advantages under and by vir-tue of all laws of said State of Tennessee relating to the exemption of homesteads, all voluntarily and freely, and without the compulsion of her said husband and that she does not wish to retract the same.

"Given under my hand and notarial seal, this twenty-fifth day of March, A. D. 1907.

"JOHN P. PETERSON, Notary Public,

St. Louis County, Minn."

It is at once observable that this cerificate does not use the words "understandingly" and "for the purposes there-in expressed."

While it is undoubtedly true that, in order to show that the deed of a married woman was executed in accordance with the requirements of our law, consequently in order to the validity of the deed itself, the certificate must show it was executed by the wife "understandingly" and "for the purposes expressed in the deed," it is nevertheless equally true that it is not necessary to use the very words of the statute if other words equivalent in meaning are used. *Ed-mondson* v. *Harris*, 2 Tenn. Ch., 431. This is not only so under our decisions, but by virtue of the Code itself (Shan-non's, section 3757) which provides:

"The unintentional omission by the clerk of any words in a certificate of an acknowledgment or probate of any deed or other instrument, shall in no wise vitiate the validity of such deed, but the same shall be good . . . to all intent and purposes, if the substance of the authentication required by law is in said certificate."

Whether this statute is applicable to the certificate of acknowledgment of a married woman was questioned by Judge COOPER in the case of *Edmondson* v. *Harris*, supra. But the principle of the statute has been applied in numerous cases, and it is quite evident from the language of the statute and other provisions on the same subject that it does so apply. The following sections make provision for the correction of the omission of words in the certificate of a privy examination, as well as in other deeds, and we may safely infer that it was not intended that any correction was necessary where the certificate contained the substance of the authentication required.

We may, therefore, properly examine the certificate in question, and, if we find the substance of the absent words in the certificate, it will be our duty to uphold the validity of the deed. We may be aided in this investigation by recurring to the provisions of the statute with respect to what is necessary to be done in the execution of a deed by a married woman to make the same valid and pass her title to the property conveyed by the deed. In order for a deed to bind the wife and her heirs and assigns it is necessary for her to be examined by the officer before whom the deed is executed privately and apart from her husband. This examination relates to her voluntary execution of the deed, and her knowledge of its contents and effect, and the statute says, "if she acknowledges or states that she exe-

cuted the same freely and voluntarily and without any
compulsion on the part of her husband, and the clerk or
other officer is satisfied that she fully understands the
same," he shall put on the back of the deed, or annex to it,
a certificate in the particular form prescribed. In other
words, if a married woman shows by her privy examina-
tion that she understands the contents and effect of the
deed, and that its execution is voluntary upon her part,
and has not been brought about by any compulsion on the
part of her husband, then she is bound by the execution
of the deed, and it is the duty of the officer to attach to the
deed a proper certificate, if he is satisfied from his exam-
ination that she fully understands the same. This means
that, if the examination has been in accordance with the
requirements of the statute, the purchaser is entitled to
have a proper certificate attached thereto, and he may, un-
der the provisions of the law as found in the Code (Shan-
non's, section 3759), have a certificate made, or an im-
perfect one corrected, to conform to the form required by
the previous sections. But, if we can ascertain from the
certificate attached to the deed that the requirements of
the law have been complied with, then no correction is
necessary, and the deed is valid and binding on the married
woman. Of course we can only look to the certificate itself
to determine whether the requirements of the law have
been fulfilled. With this in view let us examine the certifi-
cate in question. It does appear that the married woman
was examined by the officer separately and apart from and
out of the hearing of her husband. This is a substantial
compliance with the requirement . that the officer shall
examine the wife privately and apart from her husband.
The statute prescribes that this examination of the wife

shall touch her voluntary execution and her knowledge of its contents and effect. The certificate says that the con-tents and meaning of the said instrument, as well as all the rights of the wife of the homestead laws of the State, were fully explained and made known to her. This lan-guage shows that the wife was examined touching her voluntary execution of the deed and of her knowledge of its contents and effect. It not only shows that the officer fully explained to her the contents and meaning of the deed, but that its contents and meanings were known to her. The mere explanation of the deed might not show an understanding, but she could not have failed to under-stand it if its contents and meaning were made known. We might well conclude from this language of the certificate that the officer examining the wife was satisfied that she fully understood the same. If the certificate shows that she executed the deed and knew its contents and meaning, then the execution was done by her understandingly. This interpretation of the certificate in question does not find authoritative support in the case of *Murdock* v. *Memph' & Ohio R. R. Co.,* 7 Baxt., 557, as contended by the com-plainants. In that case the certificate was as follows:

"The said Mary Murdock did sign, seal and deliver said indenture before me, out of the presence and hearing of said husband, and she being by me examined, out of the presence and hearing of said husband, whether she does execute and acknowledge the same freely, voluntarily, and without being induced to do so by fear of threats of, or ill usage by, her husband, or by fear of his displeasure, declar-eth and sayeth that she does."

The acknowledgment was taken out of the state in 1847. The court, in disposing of the case, set forth the essentials

of a privy examination, and held that prior to the Code of 1858 a privy examination in a foreign State, in compliance with the law of that State, was valid, and expressly held that the act of 1833 (section 3753 of Shannon's Annotated Code) only applied to acknowledgments taken within the State. The court also intimated that since the adoption of the Code in 1858 our form for a privy examination had to be followed, whether the acknowledgment was taken within or without the State. The court further held that the certificate, when tested by our statute, was defective because of the omission of the word "understandingly."

We also recognize that the court has adhered to a strict interpretation of certificates. The most extreme example of this strict rule may be found in the case of *Roulston* v. *Darby* (Tenn. Ch. App.), 52 S. W., 318. The opinion published is that of Mr. Justice NEIL, of the court of chancery appeals, affirmed orally by the supreme court at its December term, 1899. The certificate involved in that case omitted the words "having appeared before me private and apart from her husband," the word "acknowledged," the word "understandingly," and the words "without compulsion or constraint," and the words "for the purposes therein expressed." The only words contained in the certificate which it was argued supplied the meaning of the word "understandingly" were the words, "the contents and effect of said instrument being explained by me to the said Sallie B. Roulston," etc. In the opinion of Judge NEIL this was held to be insufficient to supply the requirements of the word "understandingly." While the result reached by the court of chancery appeals in that case could well have been affirmed upon other grounds—and the

146 Tenn.—25

record does not show upon what ground it was affirmed—we might assume, for the purpose of this case, that this court approved of his opinion in this particular.

In the certificate under consideration it not only appears that the officer fully explained the contents and effect of the deed, but that the contents and effects were made known to the married woman, and these are words that imply more than words of mere explanation. At any rate, they may be thus reasonably interpreted. In our opinion the strict interpretation applied in that case goes to the extreme limit in that respect. This is especially true in view of our married women's emancipation statute (Act 1919, chapter 126) and the act of 1919 (Pub. Acts 1919, chapter 48, p. 139) with respect to certificates of married women, which provides, in section 2:

"The acknowledgment of a married woman, when required by law, may be taken in the same form as if she were sole and without any examination separate and apart from her husband"—as manifesting a more liberal spirit with respect to the freedom of married women in dealing with their property.

We are therefore of the opinion that the certificate in question complies substantially with the requirements of the statute that the deed be executed and acknowledged understandingly.

The next insistence is that this certificate does not use words in substance the same as "for the purposes therein expressed." We find that the certificate uses the words "acknowledged it to be her act and deed, and that she had executed the same, and relinquished her dower and all other right, title, and interest in and to the lands therein mentioned, and expressly waived and relinquished all her

rights by virtue of all laws relating to the exemption of homesteads." The purpose of this deed, as appears upon its face, so far as the wife is concerned, was to convey and relinquish all her rights, title, and interest in the lands mentioned in the deed. The deed had no other purpose, and the certificate does specifically show the purpose of the execution of the deed just as fully as if she had said, "for the purposes therein expressed." In other words, her acknowledgment specifies the purpose, instead of referring to the purpose mentioned in the deed.

The sufficiency of this certificate not being in other respects challenged, we are constrained to hold that it complies with our statute, and shows the deed to have been executed as required in order to be binding upon the married woman. We are therefore of the opinion that there was no error in the decree of the chancellor in decreeing that complainants were the owners and entitled to recover ten-twenty-fourths interest in the land and timber, and the liability of the defendants for timber wrongfully cut and removed will be for the full amount decreed by the chancellor.

Having held the conveyance by Mrs. Peterson binding upon her, it will be necessary to notice the action of the chancellor allowing complainants to amend the bill by making her a party complainant to the same.

As to the timber, we consider this is a proper case for the application of the harsh rule, and also that the defendant Bergman is not entitled to an accounting for alleged improvements. We concur with the chancellor in holding the defendant Bergman was guilty of gross fraud in dealing with the complainants relative to this land and timber. For this reason we tax him with all the costs of the appeal.

Under the law of this State timber is a part of the realty, and is dealt with as such. One cotenant cannot convey a good title to the merchantable timber on the land any more than he can convey a good title to the land itself, and the complainants had the right to recover its value from Frazier & Hunt.

The decree of the chancellor will be in all things affirmed.