# R. O. DALTON *v.* A. J. ELLER.*

## (*Nashville.* December Term, 1925.)

**1. DEEDS.**

In interpreting deeds, expressed intention of parties governs; technical rules of construction of conveyance having been abandoned. (*Post, p.* 423.)

Cases cited and approved: Beecher v. Hicks, 75 Tenn., 207; Blackburn v. Blackburn, 109 Tenn., 674; Savage v. Bon Air Coal, etc., Co., 2 Tenn. Ch. App., 594; Topp v. White, 59 Tenn., 165; Carnes v. Apperson, 34 Tenn., 562; Grimes v. Orrand, 49 Tenn., 298.

**2. DEEDS.**

In construing deeds, intention of parties will be determined from language of instrument read in light of surrounding circumstances. (*Post, pp.* 423-427.)

Cases cited and approved: Williams v. Williams, 84 Tenn., 164; Kissom v. Nelson, 49 Tenn., 4; Posey v. James, 75 Tenn., 98; McNairy v. Thompson, 33 Tenn., 142; Beecher v. Hicks, 75 Tenn., 212; Hanks v. Folsom, 79 Tenn., 560; Teague v. Sowder, 121 Tenn., 132; Burchard v. Walther, 58 Neb., 539; Martin v. Cook, 102 Mich., 267.

Cases cited and distinguished: Fogarty v. Stack, 86 Tenn., 610; Crouch v. Shepard, 44 Tenn., 383; Bartlett v. Barrows, 22 R. I., 642.

**3. DEEDS.** Exception, contained in granting clause of deed in favor of occupant of that portion of premises excepted, held not invalid or repugnant.

Dalton v. Eller.

Exception contained in granting clause of deed in favor of stranger to deed, who was in possession of that portion of premises excepted, consisting of storehouse and ten feet surrounding it, and which the deed clearly showed was intended to be excepted, *held* valid and not repugnant to granting clause. (*Post, pp.* 427, 428.)

4. **ESTOPPEL.** Grantee, bringing suit to reform deed to conform with agreement of parties relative to exception therein, held estopped from thereafter asserting invalidity of exception.

Grantee in deed containing an exception of portion of premises in favor of stranger to deed, having brought suit to reform instrument to express real agreement relating to exception, *held* thereafter estopped from setting up invalidity of exception for repugnancy. (*Post, pp.* 428-430.)

*Headnotes 1. Deeds, 18 C. J., Section 198; 2. Deeds, 18 C. J., Section 217; 3. Deeds, 18 C. J., Section 348; 4. Estoppel, 21 C. J., Section 23.

FROM MACON.

Appeal from the Chancery Court of Macon County.— HON. W. R. OFFICER, Chancellor.

ROBERTS & ROBERTS and GRACE & GRACE, for appellant.

BASKERVILLE & McGLOTHLIN, and C. C. COLLINSWORTH, for appellee.

MR. JUSTICE HALL, delivered the opinion of the Court.

The question presented in this cause is as to the proper construction of a deed executed by W. J. Eller and wife, Nancy E. Eller, to the complainant and J. H. Merryman, jointly. The complainant later took a deed from Merryman for his entire interest in said property.

The deed from W. J. Eller and wife, Nancy E. Eller, to complainant and Merryman reads as follows:

"State of Tennessee, Macon County:

"Know all men by these presents, that we, W. J. Eller and wife, Nancy E. Eller, for and in consideration of the sum of five thousand dollars paid and to be paid as follows: Two thousand dollars cash in hand paid, the receipt of which is hereby acknowledged, and a promissory note, to amount of fifteen hundred dollars and due one year after date, with six per cent. interest from date, and a second note to amount of fifteen hundred dollars due two years after date, with six per cent. interest from date. It is further agreed that payments on these notes can be made in payments of five hundred or more dollars, at any time from date of said notes until paid.

"Have this day bargained and sold and do hereby transfer and convey unto J. H. Merryman and R. O Dalton, jointly, their heirs and assigns forever, our entire mill property and fixtures of every kind thereunto belonging, and including the lot of land on which the said mill is now located and situated in the fourth civil district of Macon county, Tenn., and bounded as follows, to-wit: On the west and north by Mrs. Paul Johnson, and on the east and south by R. B. Merryman and Paul Johnson, containing about one and one-half acres more or less.

"All property on this lot of land is conveyed, except thirty by thirty-six feet in dimensions, one two-room ironclad storehouse, now occupied and owned by A. J. Eller, which is not conveyed. The said A. J. Eller has the privilege to use the land that said house is on and ten feet in addition all around said storehouse, so long as said A. J. Eller uses this storehouse in his merchandise business, but, when he declines to use said house further for said business, then, in that event, said J. H. Merryman and R. O. Dalton have the privilege to buy said storehouse at cost of building; but, if the said J. H. Merryman and R. O. Dalton refuse to buy the same, then said A. J. Eller must remove it at once.

"To have and to hold the said mill and mill property, and the lot of land on which the same is located to the said J. H. Merryman and R. O. Dalton, their heirs and assigns forever. And we warrant the title to same to the said J. H. Merryman and R. O. Dalton, their heirs and assigns, against the lawful claim or claims of all for whomsoever. We further warrant this property to be unincumbered, except as above herein mentioned.

"This the 30th day of January 1917.

"W. J. ELLER,

"NANCY E. ELLER."

W. J. Eller and wife, Nancy E. Eller, are the father and mother of the defendant, A. J. Eller.

The bill in this cause was filed by complainant February 6, 1924, seeking to have said deed construed, and to have the following portion of said deed canceled as a cloud upon his title:

"All property on this lot of land is conveyed, except thirty by thirty-six feet in dimensions, one two-room ironclad storehouse, now occupied and owned by A. J.

Eller, which is not conveyed. The said A. J. Eller has the privilege to use the land that said house is on and ten feet in addition all around said storehouse, so long as said A. J. Eller uses this storehouse in his merchandise business, but, when he declines to use said house further for said business, then, in that event, said J. H. Merryman and R. O. Dalton have the privilege to buy said storehouse at cost of building; but, if the said J. H. Merryman and R. O. Dalton refuse to buy the same, then said A. J. Eller must remove it at once.''

The chancellor dismissed the bill, and complainant appealed, and has assigned errors.

Through his first assignment of error complainant insists that the chancellor erred in dismissing his bill and taxing him with costs.

Through his second assignment of error complainant insists that the chancellor erred in decreeing that the reservation or exception made in the deed from W. J. Eller and wife, Nancy E. Eller, to complainant and J. H. Merryman, was valid.

Through his third assignment of error complainant insists that the chancellor erred in not decreeing a reformation of said deed, and in not canceling that portion of said deed in which it was attempted by the grantors to make a reservation or exception to the defendant, A. J. Eller.

It is the contention of complainant that the attempted reservation or exception of the storehouse, and the use of ten feet of ground around it, is invalid because it was made to defendant, who was a stranger to the deed; that no words of conveyance to the defendant of the storehouse, or of any other property, appear in the deed, and therefore the deed could not carry any title to defend-

ant; that the whole estate of the grantors had been conveyed to complainant and Merryman in the granting clause of the deed, and the later attempt by the grantors to reserve to a stranger a portion of the property already conveyed constituted, under the technical rules of construction, an exception which was repugnant to the granting clause, and is therefore invalid and of no binding force upon complainant, and the chancellor was in error in not so decreeing.

It is a fundamental principal in the interpretation of deeds that the expressed intention of the parties shall govern. *Beecher* v. *Hicks,* 7 Lea, 207; *Blackburn* v. *Blackburn,* 109 Tenn., 674, 73 S. W., 109; *Savage* v. *Bon Air Coal, etc., Co.,* 2 Tenn. Ch. App., 594; *Topp* v. *White,* 12 Heisk., 165; *Carnes* v. *Apperson,* 2 Sneed, 562; *Grimes* v. *Orrand,* 2 Heisk., 298.

The courts have most wisely abandoned technical rules in the construction of conveyances in this State, and look to the intention of the instrument alone for their guide; that intention to be arrived at from the language of the instrument read in the light of the surrounding circumstances. *Williams* v. *Williams,* 16 Lea, 164; *Kissom* v. *Nelson,* 2 Heisk., 4; *Posey* v. *James,* 7 Lea, 98; *McNairy* v. *Thompson,* 1 Sneed, 142.

In *Fogarty* v. *Stack,* 86 Tenn., 610, 8 S. W., 846, the court said:

"It is insisted for the complainants that the language 'her heirs in fee-simple forever' cannot be controlled by the reservation or provision for the property to revert to the grantor contained in the first *habendum* (there being, as is noticed, two *habendums*); a provision in the *habendum* repugnant to the estate before granted being void.

"We may concede all that is contended for as to this rule of construction at common law, and it is a sufficient answer thereto to say that the rules of the common law, which looked at the granting clause and the *habendum* and *tenendum* as separate and independent portions of the deed, each with its particular function and office, have long since become obsolete in this country, and certainly in this State.

"The true rule is to look to the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to permit antique technicalities to override such intention.

"This is so not only by legislation but by adjudication. Code (M. & V.), sections 2812-2820; 3 Wash. Real Prop., p. 438, section 61; *Beecher* v. *Hicks*, 7 Lea, 212; *Hanks* v. *Folsom*, 11 Lea, 560. In both of which cases Judge COOPER has presented the adjudged cases with his usual fullness of research, so that further discussion would seem worse than needless."

In *Teague* v. *Sowder*, 121 Tenn., 132, 114 S. W., 484, it was held that technical rules in the construction of conveyances have been abandoned in this State, and the intention of the instrument to be ascertained from its language read in the light of the surrounding circumstances must be followed as the guide. It was held in that case that the granting clause prevails over the *habendum* clause, if they are irreconcilable by the context failing to show the grantor's intention. There the granting clause of the deed conveyed land to the grantees, "their heirs and assigns forever," with the exception of the homestead therein for the grantor, and the *habendum* was to the grantees "their lifetime and then to their heirs and assigns forever," and it was held

that the two clauses were wholly repugnant, and, not being reconcilable by aid of the context showing the grantor's intention, the granting clause creating a fee-simple estate would prevail over the subsequent *habendum* granting a less estate.

In *Beecher* v. *Hicks,* supra, this court said: "In modern times, the inclination of the court is to look to the whole of the instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to allow technical rules to override the intent"—citing a number of cases.

In *Crouch* v. *Shepard,* 4 Cold., 383, it was said: "It is a rule of law the whole contract should be considered in determining the meaning of any or all of its parts. . . . It is held, the rule that the language of a deed or contract is to be taken more strongly against the party using it, though it be a rule, according to Lord Bacon, drawn out to the depths of reason, applies only to cases of ambiguity in the words, or when the exposition is requisite to give them lawful effect. It is a rule of strictness and rigor, and not to be resorted to, but when other rules of exposition fail. The modern, and more reasonable practice, is, to give to the language its just sense, and to search for the precise meaning; and one requisite is to give due and fair effect to the contract, without adopting the rule either of rigor or of an indulgent construction."

In 8 R. C. L., section 151, p. 1094, it is said: "When the language making an exception or reservation in a deed is doubtful, it should be construed more favorably to the grantee. Exclusion of the fee will not therefore be implied by construing as an exception that which the deed describes as a 'reservation' for a certain specified

use. But it is only when it is doubtful that this rule can be applied. It has no place when the language is sufficiently clear to define the character and extent of the exception or reservation, whatever it may be called, whether exception or reservation, a provision intended to secure a right in the grantors that otherwise would pass to the grantee by the deed must be given effect according to the intent of the parties gathered from the nature of the subject-matter and the language used. Accordingly, where there is a specific negation of intention to convey a certain part, it will be taken as excepted, as where, besides the word 'excepting,' the description of the excepted parts is followed by the words 'which are not hereby intended to be conveyed,' or where the descriptive clause recites that "the grantor reserves the ownership of the well on or near the east line of the lot hereby conveyed.' "

In 8 R. C. L., section 150, p. 1093, it is said: "Neither a reservation nor an exception can be made in favor of a stranger, and the grantee is not estopped so to assert by acceptance of the deed, but an exception may recognize and confirm rights already existing in strangers."

In *Bartlett* v. *Barrows*, 22 R. I., 642, 49 A., 31, it was held that, where a clause in a deed reserved rights which existed as against the grantor before his conveyance, it will have the effect of an exception limiting the preceding description of the property conveyed.

In that case it was said:

"The argument is that, in the deed from Walling to the plaintiff, this clause appears as a reservation, and, being to strangers, is void. But as it reserves or retains rights which existed as against Walling before he conveyed to the plaintiff, it has the effect in his deed of

an exception, and limits the preceding description of the property conveyed."

In *Burchard* v. *Walther,* 58 Neb., 539, 78 N. W., 1061, it was held that a reservation in a deed is ineffectual to create title in a stranger to the conveyance, but may, when so intended by the parties, operate as an exception to the grant.

In *Martin* v. *Cook,* 102 Mich., 267, 60 N. W., 679, it was held that, where the grantor reserved to himself and to his daughter, who was a stranger to the deed, an estate for the lives of both in the property conveyed, if such was the intent of the original parties, the life estate was valid as an exception to the grant in the deed.

In 3 Washburn on Real Property (6th Ed.), section 2352, it is said:

"Exceptions are often made in the form of a reservation where the thing not intended to pass by deed is then existing. Thus the grant of a farm 'reserving to the public the use of the road through said farm,' also 're-serving for W. R. R. the roadway for said road as laid out,' etc., was held to except the easement of the public and of the railroad out of the granted premises, and that the soil and freehold of these passed by the deed; the effect being to create an exception and not a reservation."

The exception in the deed under consideration is contained in the same division as is the granting clause, but in a separate paragraph. It clearly appears from the whole context of the instrument that it was intended by the grantors to except from the deed the two-room ironclad storehouse described therein, which was then occupied and owned by defendant, and to give to him the privilege of using the land, upon which said house stood

and ten feet in addition all around it, so long as he might use this storehouse in his merchandise business. We think this exception was not in any sense repugnant to the granting clause, was valid, and complainant and Merryman took said property subject to said exception.

Furthermore, it appears from the record in another action filed by the complainant against defendant in the chancery court of Macon county on July 12, 1922, which record is filed as Exhibit A to the answer of defendant in the present cause, that complainant agreed to the exception made in the deed from W. J. Eller and wife, Nancy E. Eller, in defendant's favor at the time the deed was executed. In the bill filed in that cause it is alleged as follows:

"He (complainant) further states that at the time said deed from the defendants was being prepared that a question arose as to making certain reservations for the defendant, A. J. Eller, for the purpose of allowing the said A. J. Eller to continue to carry on his merchandise business as was at that time being carried on in a storehouse thirty by thirty-six feet in dimension erected upon said land so conveyed at which time it was agreed between the parties to said trade or sale that the said A. J. Eller should and would be allowed to continue his merchandise business in the storehouse so erected upon said land so long as he continued he himself, the said A. J. Eller, to operate the same and continue the same business as was at that time carried on by him in said storehouse. It was further agreed by the complainant and J. H. Merryman, his copurchaser, at that time: That the said A. J. Eller should also have the use and privilege of using ten feet of land all around said storehouse

for the following purposes and usages, and no other to-wit:  To use the same to place old boxes and rubbish such as might accumulate around his place of business, but that it was distinctly understood between all the parties that said additional ten feet was not to be used for the purpose of adding to the storehouse in any way. That the defendant, A. J. Eller, has violated or breached this agreement, in that he is now attempting to add an addition to the above-mentioned storehouse.   Complainant avers and charges that if the defendant, A. J. Eller, is permitted to build said addition to said storehouse, it will cause an irreparable injury to him and that he will suffer great loss and damage thereby.   The complainant states that he thought that these agreements were fully taken care of in the deed at the time of its execution, but that the same was drawn by a layman, who was unskilled and unfamiliar with the drafting of like papers, and that the same was overlooked and left out through a mistake or inadvertence to some extent, and he asks that he be allowed to have this deed reformed and made to meet the agreement of the parties, as it does not, in its present form, comply with the agreement of the parties under which the purchase was made.   And which deed will be filed on or before the hearing at this cause or Exhibit A to this bill.''

The bill in the original suit sought to have said deed reformed, so as to express the real contract had between the parties thereto in accordance with its allegations above quoted.   The defendant's answer in the present cause expressly relies upon the allegations contained in the bill filed in the original cause as an estoppel in the present action, and we think the doctrine of estoppel is

applicable. So, for both reasons, the chancellor was cor
rect in dismissing complainant's bill and taxing him
with the costs of the cause; there being nothing to sup-
port complainant's third assignment of error. In this
bill filed in the present action complainant did not seek
a reformation of the deed, and this assignment of error
need not be further noticed.

It results that the decree of the chancellor will be af-
firmed, with costs.