CALLOWAY et al. v. WITT et al.—105 S. W. (2d) 123.

Eastern Section.   March 10, 1937.

Petition for Certiorari denied by Supreme Court, May 22, 1937.

Dannel & Fowler, of Loudon, and William J. Kirk, of Lenoir City, for appellants.

E. E. Watkins and C. E. Wagoner, both of Loudon, for appellees.

PORTRUM, J.   The bill alleges that the complainants are judgment creditors of the defendant Gertrude J. Witt, in the sum of $2,116.25, the principal of a judgment and $17 costs with interest from October, 1929, as set out by an execution issued out of the chancery court of Hamilton county, Tenn., and exhibited to the bill.

Said execution was issued on the 14th day of December, 1929, and placed in the hands of the sheriff of Loudon county, Tenn., who on the 16th levied said execution on certain live stock and farm produce found upon the farm known as G. W. Jackson's place of 410 acres lying on Little Tennessee river in the Sixth civil district of Loudon, Tenn., which personal property being insufficient to satisfy the execution, the sheriff also levied upon the real estate, namely, the G. W. Jackson farm which he describes by metes and bounds.

But it being represented to the sheriff that certain real estate and personal property did not belong to the defendant named in the execution, but was the sole property of her children and not subject to the satisfaction of her obligation, and this communication being communicated to the attorney of the complainant, this bill was filed to establish the title in the defendant in the execution, and to have the personal property and so much of the real estate as was necessary sold in satisfaction of the execution.   The children of the defendant were made parties to the action, and it was alleged that the children's record title was spurious and ineffective.

It was further alleged that the father of the defendant Gertrude J. Witt, the said George W. Jackson, executed what purported to be a deed on July 16, 1919, for the purpose of transferring 410 acres of his property on the Little Tennessee river, representing about half of his real estate, to the defendant who was one of his two daughters, but that said instrument did not attempt to and did not convey a present interest in said property, and therefore the legal title did not take effect in praesenti, it being expressly provided to the contrary.

This instrument attempted to convey a life estate in the defendant Gertrude J. Witt, and it is alleged that on September 7, 1923, the said defendant being involved financially, attempted to reconvey her life estate in said premises to her said father upon a false consideration wrongfully recited in said deed, and without reference to the fraudulent character of said deed, the instrument conveyed no estate for the reason that the grantor, the defendant Gertrude J. Witt, attempted to convey a right that she must require, if at all, in the future, and the interest being contingent was not the subject of a legal transfer by deed.

This bill was answered in the year 1929 and the case was finally determined in 1936, the chancellor finding the issues in favor of the defendants and dismissing their bill, and from his decree an appeal is prosecuted to this court.

The questions are: (1) Was the deed of George W. Jackson on July 16, 1919, an instrument sufficient in law to pass a title in praesenti? (2) Was the deed of September 7, 1923, from Gertrude J. Witt to G. W. Jackson effective by transferring a present legal estate then existing in the grantor? (3) And if a valid instrument, was it fraudulent in fact or in law, or was the burden upon the defendant to show that it was not fraudulent in fact? (4) Was the acknowledgment to this latter deed a legal acknowledgment qualifying the deed to the right of registration?

We quote such parts of the deed as we think throw light upon the inquiries.

"This indenture made this 16th day of July, A. D., 1919, between G. W. Jackson of Loudon County, in the State of Tennessee, party of the first part, and Gertrude Jackson Witt of Loudon County, Tennessee, party of the second part.

"Witnesseth: That said party of the first part, for and in consideration of the sum of $1 and love and affection to him in hand paid by the said party of the second part, the receipt of which is hereby acknowledged, and to take effect immediately after the death of the party of the first part, but not before, has granted, bargained, sold and conveyed, and does hereby grant, bargain, sell and convey unto the said party of the second part to have all the rights, privileges and benefits accruing therefrom during her natural life and at her decease it is to become the property of her children, share and share alike, but in the event she leaves no children, then it is to be the property in fee simple of her sister Louise's children, born at the time or born afterwards, share and share alike."

Then follows a description of the property which is not necessary to insert here. The next paragraph in the deed makes reference to the deed in the grantor's chain of title as is required by statute when property is transferred by deed, as a prerequisite to registration. To quote further:

"With the hereditaments and appurtenances thereto appertaining, thereby releasing al claims to homestead and dower therein. To have and to hold the said premises to the said party of the second part, her heirs and assigns forever, as set out above. And the said party of the first part, for himself and for his heirs, executors and administrators, does hereby covenant with the said party of the second part, her heirs and assigns, that he is lawfully seized in fee simple in the premises above conveyed, and has full power, authority and right to convey the same, that the said premises are free from encumbrances, and that he will forever warrant and defend the said premises and the title thereto against the lawful claims of persons whomsoever.

"In Witness Thereof, The said party of the first part has hereunto set his hand and seal the day and year first above written.

"[Signèd] G. W. Jackson, L. S."

Then follows an acknowledgment which is not attacked.

■ In construing the deed it is said:

"But in giving effect to a deed of conveyance, the intention of the instrument is the guide to be followed; and that intention is 'to be arrived at from the language of the instrument read in the light of the surrounding circumstances.' Dalton v. Eller, 153 Tenn. 418, 419, 284 S. W. 68, 70." Manhattan Savings Bank & Trust Co. v. Bedford, 161 Tenn. 187, 197, 30 S. W. (2d) 227, 229.

■ At the time G. W. Jackson executed this instrument, he also executed another instrument to his other daughter conveying the same character of an estate to her and her children, and in case she died without children, then the estate passed to the children of the defendant Gertrude J. Witt. It seems clear that this act of the grantor evidenced by these two deeds was a partition of his real estate between his two daughters leaving nothing to be done to carry out this purpose after his death. It appears to have been his intention and his purpose to expressly retain the possession and the rent and profits during his natural life. And the fact that he used the words "and to take effect immediately after the death of the party of the first part, but not before," does not overcome this intention. While under certain circumstances the court might construe the words "to take effect immediately after the death" to mean that the title should pass immediately after his death, but the deed before us and the surrounding facts taken together do not justify this conclusion. The words "to take effect" have no long established legal significance such as the words "heirs of the body" or "hereby grant, convey," "to have and to hold," etc., have, and the words "to take effect" can as well convey the meaning that the possession and enjoyment is to take effect at the death of the grantor, as to say that the legal title is to pass at that time. The technical common-law words conveying the title to the property were used and it is to be as-

sumed the grantor did not mean to cut down and destroy these technical words by the use of the words "to take effect," especially when the words can be construed together and reconciled, passing the title or present estate to be enjoyed at a specified or designated future date. This is the construction given to similar words in other cases. Scruggs v. Mayberry, 135 Tenn. 586, 188 S. W. 207; Wall's Adm'r v. Ward, 2 Swan, 648; Fry v. Taylor, 1 Head, 594; Swails v. Bushart, 2 Head, 561.

The deed of September 7, 1923, from the defendant Gertrude J. Witt to her father, G. W. Jackson, after reciting the names of the parties, contains this paragraph:

"Witnesseth. That said party of the first part, for and in consideration of the sum of $2,500 to her in hand paid by the said party of the second part, receipt of which is hereby acknowledged, has granted, bargained, sold and conveyed and does hereby grant, bargain, sell and convey unto the said party of the second part the following described real estate to be his during his natural life, and at his death to be the property of the children of the party of the first part, share and share alike, all her interest in the way of a life time right to the following described premises, to-wit, situated in the Sixth Civil District . . . (here follows a description of the land)."

Then follows the paragraph making reference to the chain of title and especially to the deed of the 16th of July, 1919. The next paragraph is one of general warranty, concluding with the usual paragraph and signed by Gertrude J. Witt, L. S.

Then follows the acknowledgment which is in dispute and which reads as follows:

"State of Tennessee, Loudon County

"Personally appeared before me Arthur Taylor a Notary Public in and for said county, the within named bargainor Gertrude J. Witt, wife of R. B. Witt with whom I am personally acquainted, and who acknowledged that she executed the within instrument for the purposes therein contained. And Gertrude Witt, wife of the said R. B. Witt, having appeared before me privately and apart from her husband, the said Gertrude J. Witt acknowledged the execution of the said deed to have been done by her freely, voluntarily and understandingly, without compulsion or constraint from her said husband, and for the purposes therein contained.

"Witness my hand and official seal in office this 7th day of September A. D. 1922.

"Arthur Taylor, Notary Public."

It will be noted that no comma was inserted after the name of R. B. Witt in the above acknowledgment, hence it is argued that the grammatical sense expressed is that the notary was personally acquainted with R. B. Witt, who was the husband of the grantor, and

that there is no expression within the acknowledgment indicating that the notary is personally acquainted with the grantor, Gertrude J. Witt. This issue will not be discussed further here, it being the last to be disposed of.

Did this deed pass the present legal estate from the grantor to the grantee named in the deed? The foregoing deed to the daughter retained in the father the possession and enjoyment of the estate during his natural life, and the daughter's deed to the father attempted to convey her life estate in the property first to her father during his natural life, and at his death then to her children. It is argued that she had no estate and conveyed no estate to her father during his natural life, and there was no estate to support a remainder interest in her children during the balance of her life estate which was attempted to be conveyed to them. Therefore, this last deed conveyed nothing and Gertrude J. Witt is the present owner of a life estate in this 410-acre farm which is subject to sale for the satisfaction of her debts.

█ █ The court is of the opinion that the deed of the father first above quoted transferred and vested in the daughter a freehold estate taking effect in praesenti. During the life of the father, he and the daughter owned a joint life estate in the property, and upon his death, if it preceded the death of the daughter, the daughter acquired a life estate with the duration or coextensive with her natural life, and that this legal estate vested in the daughter was subject to bargain and sale. A joint life estate is an interest sufficient to support a remainder (in fact a freehold estate is no longer necessary to support a remainder since the passing of a statute providing that a less estate might support a remainder. Code 1932, section 7602.)

The foregoing construction of the instrument is based upon the construction given an instrument of similar terms in the case of Scruggs v. Mayberry, 135 Tenn. 586, 188 S. W. 207. The court holds that the deed conveyed all the interest of Gertrude J. Witt in the land, and she owns nothing in the property subject to an execution for her debts.

The father, W. G. Jackson, died in the year 1923, and since the present life tenant, the daughter, transferred her life estate continuing after the death of her father to her children and the children now own the life estate and the remainder, perhaps a merger has vested them with the title in fee. The condition that if Mrs. Witt died without living children the estate should go over to the children of her sister no longer serves any purpose, and the merger destroys the condition. But this issue is not raised in the pleading and the children of the sister are not before the court, and the issue is not adjudicated.

The chancellor was of the opinion that the notary public neglected

or failed to place a comma after the name of the husband and the phrase "with whom I am personally acquainted," had reference to the grantor and not to her husband who was not a party to the instrument. He held that the reference to the husband was superfluous and should be disregarded as surplusage. He sustained the acknowledgment as a valid acknowledgment entitling the instrument to registration.

█ It is established that it is a necessary prerequisite that the certificate contain the recital that the notary is personally acquainted with the within named bargainor, and in the absence of language in the certificate showing that the notary is personally acquainted with the bargainor, the certificate is void and the instrument is not entitled to registration. Jefferson County Bank v. Hale, 152 Tenn. 648, 280 S. W. 408; Nelson v. Bergman, 146 Tenn. 376, 242 S. W. 387.

█ █ This acknowledgment was taken upon a form prescribed originally by the statute, and the omission of the comma after the husband's name is not conclusive that the notary intended to say that he was personally acquainted with the husband which was proved to be a wholly immaterial declaration. It is well known that notaries public are selected indiscriminately by the county courts from the citizenship without regard to the qualifications of the applicants; and as a result many notaries public do not adequately understand the grammatical construction or punctuation necessary to convey their thoughts. The court in construing the instrument necessarily has to take this into account. If this were not true much mischief would result. There is a presumption that a public officer will do his duty, and the court is justified in supplying a comma in the officer's certificate when to supply the same establishes the fact that the notary has done his duty, and at the same time eliminates the superfluous declaration, which is that the notary is personally acquainted with a person who is not a party to the instrument. The court will not construe a certificate as an absurdity when by inserting a comma it can be given full legal effect; the acts of public officers are presumed to be performed as required by law and this presumption overcomes absurdities which can be corrected by the insertion of a comma.

█ █ The complainant failed to establish by proof that the conveyance of the daughter to the father was a fraudulent conveyance. The answer alleged that it was a conveyance upon a valid consideration as recited in the instrument, and the answer contains no admission whatever in the nature of a confession of the fraud and facts explaining what appears to be fraudulent conduct. In the absence of such a confession in the answer, the burden of proof does not shift to the defendant to show the facts in avoidance; the burden of proof under such circumstances does not shift to the defendant, but remains with the complainant. In this case, there is no proof that the grantee

did not pay the recited consideration. The answer avers that he did, and such proof as is in the record upon this issue indicates that the father had expended sums of money on behalf of his daughter and for which they could have agreed to the transfer taking these expenditures as a valid consideration. But he was in a position and able to make a cash payment to his daughter, and the fact that the transaction was between father and daughter does not itself cast the burden upon the daughter to establish by other proof the payment of the consideration.

The answer does not evasively deny the fraud charged in the bill, but positively denies the fraud charged in the bill, however, the complainant did go further and establish the relationship of the parties. This was not sufficient to make out a prima facie case, raising a presumption of fraud against the defendant, which would require the defendant to overthrow the presumption by proof. Farnsworth v. Bell, 5 Sneed, 531; Hartnett v. Doyle, 16 Tenn. App. 302, 64 S. W. (2d) 227; Farmers Bank of Lynchburg v. Farrar, 4 Tenn. App. 186.

The court finds no error in the decree of the lower court and it is affirmed with costs.

Ailor and McAmis, JJ., concur.