FRANKLIN et al. v. JONES et al.—191 S. W. (2d) 835.

Middle Section.    October 27, 1945.

Petition for Certiorari denied by Supreme Court, January 19, 1946.

530

Thurman Thompson, of Lewisburg, for Franklin and wife.

Brandon & Brandon, of Lewisburg, for Odie Sullivan et al.

McLane & Craig, of Lewisburg, and David Rhea, of Pulaski, for J. D. Jones et al.

HOWELL, J. The bill in this cause was filed on April 22, 1942, by H. E. Franklin and wife against J. D. Jones and wife and the Farmers Bank of Cornersville, Tennessee, and seeks to recover from the defendants for the failure of the title of the complainants to a 160 acre farm in Marshall County, Tennessee, conveyed to complainants by the defendants Jones and wife by warranty deed and upon which the defendant bank held a lien. The

bill prays that the deed involved be canceled and they be permitted to recover for any damages sustained by them in the transaction.

On June 24, 1942, an amended bill was filed in which the heirs at law and next of kin of Malvina Sullivan were made additional defendants, the said Malvina Sullivan and her husband being the grantors in a deed to the defendant Jones out of which the controversy as to title to the land arises, and in this amended bill it was prayed that the Court render a declaratory judgment construing the deed hereinafter set out and that the rights of all the parties be declared and that complainants be granted appropriate relief.

Answers were filed by the new defendants, the Sullivan heirs, in which they admitted the material allegations of fact in the original and amended bills and that under the Declaratory Judgment Law complainants had a right to apply to the Court for a construction of the deed and averred that the life estate of Malvina Sullivan terminated by her death in December 1941 and that the fee simple title to the land passed to them and that they were the owners and entitled to said land. They insisted that under a proper construction of the deed from their parents to J. D. Jones and H. P. Jones they are not the owners of the fee simple title and aver that at the time the bill in this cause was filed they had consulted counsel and were preparing to institute proceedings seeking to recover the land in controversy.

The defendants J. D. Jones and wife and the defendant Bank filed answers in which they admitted the facts as alleged as to the transactions involved but denied that complainants did not have a fee simple title to the land and that they were entitled to any relief. It was also averred in this answer that the new defendants, the

Sullivan heirs, had knowledge of the transaction between their mother and father and J. D. Jones and H. P. Jones, participated in it, encouraged the sale of the farm and acquiesced therein and were now not entitled to recover the land on account of their laches and that they are estopped from claiming any interest in same.

Upon the hearing the Chancellor found in favor of the original complainants and granted the relief prayed in the original bill.

The original defendants Jones and wife and the bank, then filed a petition to rehear which was granted and the Chancellor in the proper exercise of his discretion set the decree aside and permitted these defendants to file an amended and supplemental answer and cross-bill. In this the defendants, Jones and wife and the Bank, make further allegations as to the participation of the Sullivan heirs in the trade by which their mother and father sold the land to the Jones' and their acquiescence therein and allege that the proceeds of the sale to Jones' were invested at the instance of the Sullivan children in land in Alabama. The cross-bill alleged further that the Sullivan heirs were therefore estopped from setting up any claim to the land and prayed that title be divested out of them and vested in cross complainants.

Upon the final hearing the Chancellor found the facts in favor of the complainants and decreed that they had a good title to the land "because of the facts appearing in the record," and because the Sullivan defendants "cannot now come into equity and claim an interest in said Marshall County lands and that they are estopped under the record."

The original complainants, Franklin and wife, and the defendants the Sullivan heirs, prayed and were granted

appeals from this final decree of the Court and have assigned errors.

The facts are:

In November 1941 the complainants H. E. Franklin and wife exchanged some land owned by them with the defendants J. D. Jones and wife for two tracts in Marshall County, one referred to as Tract No. 1, containing 160 acres and the other, Tract No. 2, containing about 10 acres. In addition to transferring this land to the defendants the complainants executed a lien note for $1,000 and interest which note was later acquired by the defendant Farmers Bank.

The tract No. 1, or the 160 acre tract, conveyed by Jones and wife to the complainants had been purchased by J. D. Jones and his brother H. P. Jones from Malvina Sullivan and husband in September 1909. The brother H. P. Jones later conveyed his interest to J. D. Jones and wife.

This land had been acquired by Malvina Sullivan by a deed from her father James M. Jones (apparently no relation to J. D. Jones) in the year 1892, which deed is as follows:

"Know All Men By These Presents; that for the love & affection that I entertain for my Daughter Malvina Sullivan do hereby give transfer convey to her a certain tract of land containing one hundred and sixty acres more or less, lying in County of Marshall Tennessee, in District No. 1, known as the Robt. McGaugh & Harman Davis tract of land: Bounded as follows on the North Mrs. Elizabeth McGaugh, West Eli Cobel, East Frank Huey, South by the farm known as the Daniel Cobel farm the said farm not to be traded not transferred by her husband nor no one but to stand as her farm and after her death the same to return to all of the heirs of her

body and if the said farm ever has to be sold for a distribution for her heirs it is to sell without an order from any of the Courts.

"My daughter Malvina Sullivan is not to have possession of said farm until my death the end of that year.

"I bind myself and my heirs to defend the title of said land to the said Malvina Sullivan forever.

"Given under my hand this April 11th, 1892.

"James M. Jones

"Attest: Alewenna Britton
          "William H. Beasley
"State of Tennessee
"Marshall County

"Personally appeared before me W. L. Wallace, Clerk of the County Court of Marshall County, James M. Jones, the within bargainor with whom I am personally acquainted and acknowledged that he executed the within instrument for the purposes therein contained.

"Witness my hand at office this the 30th day of June, 1892.

"W. L. Wallace, Clerk

"Filed in my office at 10 o'clock, June 30, 1892.

"G. D. Sander, RMC

"(Recorded in Deed Book, G-2 page 440 & 441)."

It is not seriously contended that the Chancellor erred in holding that under the express terms of the deed from her father Malvina Sullivan took only a life estate in the 160 acre farm. The granting clause of this deed hereinabove set out clearly shows that it was the intention of her father that the farm was not to be sold by his daughter or any one else. It says "said farm not to be traded or transferred by her husband nor no one but to stand as her farm and after her death the same to return to all of the heirs of her body and if the said farm

ever has to be sold for a distribution for her heirs it is to sell without an order from any of the Courts.'' Undoubtedly it was the intention of the father that his daughter should have the farm for her life.

■ The law is well settled that where the intention is clear it must govern.

See Dalton v. Eller, 153 Tenn. 418, 284 S. W. 68 and many other cases.

By general warranty deed Malvina Sullivan and her husband H. H. Sullivan attempted to convey the fee simple title to this 160 acres to J. D. Jones and H. P. Jones in September 1909. H. P. Jones later conveyed his interest in the land to J. D. Jones and wife. The $2,000 consideration paid by the Jones' to the Sullivans was invested in some land'in Alabama, the title to which was taken in the name of H. H. Sullivan. They and their family lived on this land and H. H. Sullivan died in 1917. Upon the administration of his estate, Malvina Sullivan was given a life estate in the lands in Alabama and the remainder interest was vested in her children and their descendants who are referred to herein as the Sullivan heirs. Malvina Sullivan died in December 1941.

■ The Sullivan children and especially the older ones did encourage their mother and father to sell this 160 acre farm to J. D. and H. P. Jones and undoubtedly acquiesced in the sale and the purchase of the Alabama land, but we cannot agree that this conduct on their part results in an estoppel against them from now claiming any interest in the Marshall County land. They were honestly mistaken, as were J. D. and H. P. Jones, in believing that their mother owned the fee simple title to this land. Some of them had gone with the Jones' to consult counsel and they and the Jones' were advised by counsel that Malvina Sullivan could convey the fee

simple title. There was no fraud. The law upon this subject is well settled. It is discussed fully in Pomeroy's Equity Jurisprudence Vol. 2 paragraph 806 et seq., pages 1652 et seq.

██ ██ In a well considered opinion by L. D. Smith, Special Judge in the case of Rogers v. Colville, 145 Tenn. 650, on pages 650 et seq., 238 S. W. 80, 83, the Supreme Court said:

"Estoppels are not favored in the law. Indeed, it has been said that they are odious. Russell v. Colyar, 4 Heisk., 193, [51 Tenn. 154, 193]; Hume v. Commercial Bank, 9 Lea, 728 [77 Tenn. 728]. This is for the reason that estoppel precludes a party from asserting the truth or enforcing a right which he is otherwise entitled to, and, therefore, unless by his conduct another's rights have been prejudiced, the principle will not be applied.

"Estoppel is a branch of the law of evidence and has its foundation in fraud, considered in its most general sense, not that it is necessary that there be intentional fraud, but the person estopped is considered by his admissions, declarations, or conduct to have misled another to his prejudice, so that it would work a fraud to allow the true state of facts to be proven. Bigelow on Estoppel, 437; 10 R. C. L., 691.

"In Taylor v. [Nashville & C. R.] Railroad Co., 86 Tenn. 228, 6 S. W. 393, this court approved of Mr. Bigelow's definition of estoppel wherein he sums up the requisites as: First, There must have been a representation or a concealment of material facts; second, the representation must have been made with knowledge; third, the party to whom it was made must have been ignorant of the truth of the matter; fourth, it must have been made with the intention that the other party should act upon it; and, fifth, the other party must have been induced to

act upon it. Decherd v. Blanton, 3 Sneed 373 [35 Tenn. 373].''

See also Fourth Nat. Bank v. Railroad, 128 Tenn. 530, 537, 161 S. W. 1144; Parkey v. Ramsey, 111 Tenn. 302, 76 S. W. 812, and many other cases.

In holding that the Sullivans were estopped from claiming any interest in the land in controversy we think the Chancellor was in error.

We cannot agree with the Chancellor in the holding that H. E. Franklin and wife got a good title to the 160 acre farm under the deed from J. D. Jones and wife. Jones and wife did not have a fee simple title at the time of the conveyance to the Franklins and they are liable under the warranties in their deed.

We are of the opinion that the Sullivans are not entitled under the equities of this case to recover the 160 acre farm without being required to make the Jones' and the Franklins whole by reason of their failure to get a fee simple title.

It is undoubtedly true that the purpose of these parties at the time the deed was made in 1909 was that J. D. Jones should be granted a fee simple title to the 160 acre farm for the $2,000 consideration paid by him but the fact was that under a proper construction of the deed from James M. Jones to his daughter, Mrs. Malvina Sullivan, only a life estate was conveyed to her and she and her husband therefore could not convey a fee simple title. It was a mistake as to the effect of the deed from her father to her, made by both parties under the advice of counsel.

In Gibson's Suits in Chancery paragraph 940 it is said:

''A mistake may be defined to be an act which would not have been done, or an omission which would not have

occurred, but from ignorance, forgetfulness, inadvertence, mental incompetence, surprise, misplaced confidence, or imposition, it must be mutual or fraudulent.

"The following mistakes of law and fact will be relieved against: . . . 3, Where a party erroneously supposed he was acquiring a valid title, being mistaken both as to law and fact."

"In all cases of mistake in written instruments Courts of Equity will interfere only between the original parties, or those claiming under them in privity—such as personal representatives, heirs, devisees, legatees, assignees, judgment creditors or purchasers from any of them with notice of the facts."

Pomeroy's Equity Jurisprudence in Paragraph 839 says:

"Mistake of law constitutes a mistake only when it arises from (1) a misapprehension of law by all parties, all supposing that they knew and understood it and all making the same mistake as to the law. . . ."

While it is true that generally a mistake of law does not afford grounds for relief, still a mistake of law and fact on the part of both parties to a contract may justify equitable relief. See Pomeroy's Equity Jurisprudence Paragraph 842.

In this cause the Sullivan heirs are before the Court asking that this farm be decreed to them when the record discloses that the proceeds of the sale of same were invested by the grantors, their mother and father, in the land in Alabama which was inherited by them and now is owned by one of them, Ernest Sullivan. They are asking that they be permitted to keep the Alabama land and be given the Tennessee farm also. They do not come into equity offering to do equity . It would not be equitable to give them the Tennessee farm under the facts and

circumstances of this case, without requiring them to do equity by placing the complainants and the Jones' in such a position as that they will not be losers by reason of the mutual mistake as to the effect of the deed.

In paragraph 39 of Gibson's Suits in Chancery it is said:

"He Who Seeks Equity Must Do Equity.—Under the operation of this maxim, Courts of Chancery are enabled to adjust the equities of the complainant to the equities of the defendant, and thus do complete justice between the parties. Formerly, it was the practice of the Court to refuse relief to the complainant, unless the complainant would acknowledge, or concede, or provide for, the rights, claims and demands justly belonging to the defendant, and growing out of, or necessarily connected with the subject-matter of the controversy. The ecclesiastical Chancellors sought to enforce in their Courts the divine injunction of doing unto others as we would have others do unto us, which is only another form of the maxim. But now, the Court of Chancery does not wait for the complainant to offer to do equity, but acts on the supposition that, knowing the rule of the Court, he is willing to do whatever equity towards the defendant the Court may require of him."

It results that the decree of the Chancellor is modified and the cause will be remanded to the Chancery Court of Marshall County for a determination by that Court in such manner as to it may seem proper of what amounts are due the original complainants, the Franklins, by reason of the failure of their title to the 160 acre farm under the warranties in the deed to them from the Jones', and for an accounting between the Jones' and the Sullivans for the proceeds of the sale to the Jones' by H. H. Sullivan and Malvina Sullivan, in view of the fact that

the purchase price was invested by the Sullivans in the land in Alabama, and for an adjustment of the equities between the parties.

The costs of the lower Court will be paid as adjudged by that Court and the costs of the appeal will be paid by the Sullivan heirs and their sureties on the appeal bond.

Modified and remanded.

Felts and Hickerson, JJ., concur.