Travis Kinkead

*v.*

State of Tennessee ex rel. et al.

(*Knoxville,* September Term, 1956.)

Opinion filed June 7, 1957.

Price & Price, Johnson City, for appellant.

Frank W. Hawkins, District Attorney General, Johnson City, Tucker & Erwin, Erwin, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

The Chancellor held that the defendant, Travis Kinkead, was ineligible to hold the office of Commissioner for Johnson City and this appeal resulted.

The bill in this cause was filed under the provisions of T.C.A. sec. 23-2801(1), to test the right of the defendant, Travis Kinkead, to hold office as City Commissioner for Johnson City. It is only the eligibility of the defendant to hold the office that is under attack.

Section 15, Article 5, of the Charter of Johnson City, prescribes the qualifications necessary for a person to be eligible to serve as a Commissioner for said City and is as follows:

"That any qualified voter of the city, who is also a freeholder of the city, shall be eligible for election to the office of commissioner, provided that a failure to continue to reside in said city shall vacate his office."

The basis for the insistence that the defendant, Travis Kinkead, unlawfully occupies and holds said office is that the defendant is not a freeholder of Johnson City, and, therefore, under Article 5, Section 15, of the Charter of this municipality he is not eligible to serve as such commissioner.

The defendant, Kinkead, by answer insists that he is a freeholder of the City of Johnson City, and was at the time of his election as a commissioner; that he resides in the City of Johnson City, in a home owned by his wife; that he paid off a debt that was due on said home and had made extensive repairs on said property; that for many years he has been the sole owner and operator of a florist shop in Johnson City, and conducts this business under a month to month lease arrangement. The defend-

ant does not hold the legal title to any real property in Johnson City, but does hold legal title to forty-eight acres of land in Carter County.

He also insists that he is a freeholder because of the fact that his mother owns burial lots in a cemetery in the City of Johnson City, in which his father and a nephew are buried.

A "freehold" is an estate for life or in fee simple. A freehold estate is equal to, or greater than, a life estate. *Bourn v. Robinson,* 49 Tex. Civ. App. 157, 107 S.W. 873; *Harvey Coal & Coke Co. v. Dillon,* 59 W.Va. 605, 53 S.E. 928, 6 L.R.A., N.S., 628.

The defendant, Kinkead, under the facts in this case has an inchoate interest in real estate which is not a present interest, but which may ripen into a vested estate, if not barred or divested. It is an expectancy and not a present vested interest in his wife's real estate. It is an estate not in the present, but one which may accrue in the future and therefore the defendant is not a freeholder by virtue of his wife's ownership of real property in the City of Johnson City.

The only way that a husband can obtain any interest in real property held by his wife is by purchase or gift, and he does not acquire any interest therein by operation of law except curtesy consummate. This requirement has not been met because his wife is still living.

A case somewhat similar to the one now presented is State ex rel. *Thompson v. McAllister,* 1893, 38 W.Va. 485, 18 S.E. 770, 780, 24 L.R.A. 343, which involved the eligibility of two men elected to the Town Council of Hurricane, West Virginia. The charter of Hurricane, as does

that of Johnson City, required that members of the Town Council be freeholders therein. The two men did not hold the legal title to any real property within the municipality but purchased real property within a day or so after the election. It was the contention of Thompson, one of such men, that he was a freeholder, by reason of his wife's ownership of real property in the town. The Court held that he was not a freeholder in the following language:

"Until the death of the wife, no estate whatever in her lands vests in the husband. He has, while she lives, only a chance or possibility of becoming clothed with an estate upon the event of the death of the wife before his death."

Of course, the payment of the debt to the bank does not constitute the defendant a freeholder. When a husband buys property and places the title in his wife, or pays a debt against property, the title to which is in his wife, he does not obtain any interest in such property because it is presumed that is a gift to the wife. See *Ferguson v. Booth,* 128 Tenn. 259, 160 S.W. 67; *Nelson v. Bergman,* 146 Tenn. 376, 242 S.W. 387; *Greenwood v. Maxey,* 190 Tenn. 599, 231 S.W.2d 315.

A husband who makes valuable improvements on his wife's land or real property obtains no interest therein. See *Holder v. Crump,* 78 Tenn. 320.

A lease on real estate for a term of years is not a freehold estate. The lessee is simply the tenant. 19 Am. Jur. p. 519.

The ownership of forty-eight acres of land or real property in Carter County is not sufficient to make de-

fendant a freeholder in Johnson City. This is so by reason of the wording of the Charter of the City.

We have considered all of the assignments of error and find the decree of the Chancellor without error and it is affirmed.